UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT WEAVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:19-CV-123-HAB |
| ANDREW SAUL, Commissioner of the Social Security Administration[1], | ) ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Scott Weaver's ("Weaver") appeal of the Social Security Administration's Decision dated March 29, 2018 (the "Decision"). Weaver filed his Complaint against Commissioner of Social Security (ECF No. 1) on March 27, 2019. Weaver filed his Brief in Support of Complaint to Reverse the Decision of Commissioner of Social Security (ECF No. 14) on December 5, 2019. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 21) on March 10, 2020. This matter is now ripe for determination.

**ANALYSIS**

**1.  *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th

---

[1] Andrew Saul is now the commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.**     *The ALJ's Decision*

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, 3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2013. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of December 31, 2008, through his date last insured of December 31, 2013. At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity and migraines. The ALJ further found that Plaintiff had the following non-severe impairments: diabetic retinopathy; cataracts; chronic dry eyes; osteoarthritis of the

3

knees, left ankle, and right hand; lumbosacral strain; GERD; hearing loss; tinnitus; and hyperlipidemia.

At step three, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (R. 20). At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [p]erform light work as defined in 20 CFR 404.1567(b) except never climbing ladders, ropes or scaffolds; occasionally stooping, crouching, balancing, kneeling, and crawling; occasionally climbing ramps and stairs; avoid concentrated exposure to extreme heat and cold, humidity, fumes, odors, dusts, gases, bright or flashing lights, more than moderate noise, and poor ventilation; frequent handling and fingering.

At step five, the ALJ determined that Plaintiff was unable to perform his past relevant work through the date last insured. However, the ALJ found that, through the date last insured, there were jobs that existed in significant numbers in the national economy that he could have performed. Therefore, the ALJ found that Plaintiff was not disabled.

**3.**     ***Examining Physician, Dr. Marc Wooten, M.D.***

Plaintiff claims that the ALJ improperly ignored the medical opinion of his VA examining physician, Dr. Wooten, while giving partial weight and great weight to the state agency consultants who did not have access to either Dr. Wooten's opinions or examination.

The ALJ did not explicitly discuss Dr. Wooten's opinion in the decision. Instead, the ALJ gave partial weight to the state agency medical consultants and great weight to the state agency psychiatric consultants. The state agency medical consultants found that the record did not establish a medically determinable impairment prior to the date last insured. (R. 23). The ALJ noted that the medical evidence did establish some limitations prior to the date last insured, and therefore only

4

afforded the state agency medical opinion's partial weight. (R. 23). The ALJ afforded great weight to the state psychiatric consultants, as they found that Plaintiff did not have a medically determinable mental impairment prior to the date last insured. (R. 24). The ALJ noted that these opinions were consistent with the evidence, showing that Plaintiff had no treatment or limitations due to mental impairments until after the date last insured. (R. 24).

The Commissioner asserts that the ALJ discussed Dr. Wooten's October 2009 Compensation and Pension report. However, the ALJ did no more than reference a few portions in the opinion in determining that Plaintiff's osteoarthritis was non-severe and his mental impairments were not medically determinable for the period at issue. (R. 20). The ALJ did not properly analyze or discuss the opinion with regards to any of Plaintiff's severe medical impairments and how they impact his RFC.

Dr. Wooten opined that Mr. Weaver's condition would require him to sit and rest during attacks one to two days per week, and that he would be unable to stand or walk during those periods. (R. 558-59, 582-83, 596-97). Dr. Wooten also made several objective medical findings, such as an abnormal sensory exam with loss of vibration in stocking loss distribution on the right foot/calf, mild crepitus in the knees bilaterally and in the right shoulder, trophic changes in right and left lower extremities with absent hair, decreased dorsalis pedis pulse on the left, and pain with motion in the right hand. (R. 566, 568, 558-69). Dr. Wooten opined that Plaintiff's headaches would have severe effects on his chores and shopping and would prevent exercising, sports, recreation, or traveling. (R. 574). Dr. Wooten further opined that Plaintiff would be unable to continue walking, standing, or lifting while having back pain, that Plaintiff was only able to walk a quarter of a mile, and that Plaintiff could only stand for 15-30 minutes. (R. 582-83, 597).

An RFC must be "based on all of the relevant evidence in the case record," including

5

medical source statements. SSR 96-8p, 1996 SSR LEXIS 5. The ALJ is required to provide a narrative discussion, explaining any "material inconsistencies or ambiguities" in the case record and how they were considered and resolved. *Id.; Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS5; *see Conrad*, 434 F.3d at 991. Here, the ALJ failed to discuss Dr. Wooten's opinions about Plaintiff's ability to function, in violation of the regulations.

The Commissioner argues that the Dr. Wooten's opinions were a result of relying on Plaintiff's subjective complaints and not the medical evidence, and therefore may be given less weight. *See Rice v. Barnhart*, 384 F.3d 363, 370-71 (7th Cir. 2040 (citations omitted). While this may be true, the ALJ never discussed this rationale in the decision. In fact, the ALJ never discussed Dr. Wooten's opinion at all. The Court cannot conduct meaningful review where the ALJ fails to discuss a medical opinion. The Commissioner's argument is impermissible *post-hoc* rationale. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (an agency's lawyer is forbidden "to defend the agency's decision on grounds that the agency itself had not embraced."). Even if the Commissioner's argument is valid, the Court cannot be sure that the ALJ properly analyzed the opinion when the ALJ fails to discuss it. This error requires remand.

This error is further compounded by the fact that the ALJ relied on state agency physician opinions, and the state agency physicians did not have access to over three hundred pages of medical evidence, most of which spans the relevant period. (R. 410-790). The Seventh Circuit has held that "an ALJ may not 'play doctor and interpret new and potentially decisive medical evidence' without medical scrutiny." *McHenry v. Berryhill,* 911 F.3d 866, 872 (7th Cir. 2018) (quoting *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014)); *see also Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir.

6

2016) (remanding where a non-examining doctor had "reviewed only a fraction of [Plaintiff's] treatment records that were available before [Plaintiff] submitted additional evidence."); *Campbell v. Astrue*, 627 F.3d 299, 309 (7th Cir. 2010) (remanding where ALJ relied on state agency doctors who only reviewed part of the treatment records). The ALJ improperly failed to discuss Dr. Wooten's opinion, and in doing so relied on opinions that did not have access to much of the evidence for the relevant time period. This requires remand.

## CONCLUSION

For the foregoing reasons, the Decision is REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against the Commissioner.

SO ORDERED on April 24, 2020.

                                         s/ Holly A. Brady
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT